UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>- against –<br><br>MERCHANTS MUTUAL INSURANCE COMPANY,<br><br>              Defendant. | CIVIL ACTION NO. 2:21-cv-4485<br><br>DECLARATORY JUDGMENT COMPLAINT |

Plaintiff NEW YORK MARINE AND GENERAL INSURANCE COMPANY ("NYMG"), by and through its attorneys, Marshall Conway Bradley Gollub & Weissman, P.C., as and for its declaratory judgment complaint against defendant MERCHANTS MUTUAL INSURANCE COMPANY ("MERCHANTS"), alleges, upon knowledge with respect to itself and its own acts and upon information and belief as to all other matters, as follows:

**NATURE OF THE CASE**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, in which NYMG seeks declaratory, monetary and ancillary relief against Defendant relating to insurance coverage for BK Elwood, LLC ("BK") regarding an underlying personal injury lawsuit captioned <u>Eduardo Maradiaga v. BK Elwood, LLC and Fast Interiors, LLC</u>, Supreme Court of

the State of New York, Suffolk County, Index No. 606875/2020 (the "Underlying Suit"). A copy of the Amended Complaint in the Underlying Suit is annexed hereto as **Exhibit A.**

2. NYMG seeks a declaratory judgment declaring, *inter alia,* that MERCHANTS must defend and indemnify BK as an additional insured on a primary, non-contributory basis in the Underlying Suit under a primary commercial general liability insurance policy issued by MERCHANTS to HPHM, Inc. d/b/a Triple H Contractors ("HPHM") (the "Merchants Primary Policy"); that MERCHANTS must reimburse NYMG pursuant to the Merchants Primary Policy for defense attorneys' fees, costs and disbursements in defending BK in the Underlying Suit; and that MERCHANTS must indemnify BK under an umbrella policy issued by MERCHANTS to HPHM (the "Merchants Umbrella Policy") in the event a judgment in the Underlying Suit exceeds the amount of coverage under the Merchants Primary Policy.

## **PARTIES**

3. Plaintiff NYMG is an insurance company authorized and existing under the laws of the State of Delaware with its principal place of business located in Morristown, New Jersey.

4. Defendant Merchants is an insurance company authorized and existing under the laws of the State of New York with its principal place of business located in Buffalo, New York.

2

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) based on complete diversity of citizenship because this action arises between citizens of different states and meets the jurisdictional requirement for the amount in controversy.

6. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §2201(a) to declare the rights and other legal relations of NYMG and defendant MERCHANTS.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue in this District is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

9. BK is the alleged owner of premises located at 544 Elwood Road in the County of Suffolk, Town of Huntington, State of New York (the "Premises").

10. A construction project at the Premises involved ground- up construction of 64 2-story condominium buildings.

11. On October 23, 2019, Eduardo Maradaga was working in the course and scope of his employment for HPHM when he allegedly sustained unspecified injuries.

12. BK contracted with general contractor EB Construction II, LLC regarding the construction project.

13. In turn, EB Construction II, LLC sub-contracted with Fast Interiors, LLC ("Fast") to perform construction work at the Premises, including carpentry, waterproofing, interior woodworking, painting and coating.

**The Fast – HPHM Subcontract**

14. Fast, in turn, sub-contracted with HPHM to perform various work at the Premises, including painting and landscaping work (the "Fast-HPHM Subcontract"). A copy of the Fast-HPHM Subcontract is annexed as **Exhibit B**.

15. The Fast- HPHM Subcontract requires, *inter alia*, HPHM to defend, indemnify and hold harmless BK for all liability as a result of, arising out of or connected with, in whole or in part, the acts or omissions of HPHM m the work performed by HPHM at the Premises.

16. Paragraph 19 of the Fast-HPHM Subcontract states, in relevant part, as follows:

> To the fullest extent permitted by law, the Subcontractor [HPHM] shall defend, indemnify and hold harmless the Company [Fast], Owner [BK], Owner's Lender, Architect and consultants, agents and employees of any of them and all Additional Insureds referred to in the "Insurance Coverage" provisions hereof (collectively, the "Indemnities") from and against any and all claims, losses, costs, injuries, damages and expenses, including reasonable attorney's fees for counsel of their choice, that may be incurred by any of them as a result of, or in any way arising out of or connected with, in whole or in part, an actual or alleged (a) act or omission of the Subcontractor or anyone directly or indirectly retained or engaged by it or anyone for whose acts it may be liable,(b) breach of this

4

>Agreement by the Subcontractor, (c) performance or lack of performance of the Work and any change orders or additions to the Work, or (d) violation of any statutory duty, regulation, ordinance, rule or obligation by an indemnitee provided that the violation arises out of or Is any way connected with the Subcontractor's performance of the Work and/or (e) any violation or infractions by Subcontractor of any law, order, citation, rule, regulation, standard, ordinance or statute in anyway relating to the occupational her lth and safety of its employees. The foregoing sentence specifically includes, but is not limited to, any claim, damage, liability, loss or expense that is attributable to bodily injury, sickness, disease or death, or physical Injury to tangible property including loss of use of that property, or loss of use of tangible property that is not physically injured. The Subcontractor's obligations under this section shall apply regardless of whether or not any such claim, damage, liability, loss or expense is or maybe attributable to the fault or negligence of the Subcontractor. Notwithstanding the foregoing, this agreement to indemnify does not cover liability of the indemnitees for damages and injuries, to the extent that such damages and injuries 6re caused by, or result from, the sole negligence of the indemnitees.
>
>\*    \*    \*.

17. The Fast-HPHM Subcontract also required HPHM to procure, provide and maintain at its own expense commercial general liability coverage naming BK as an additional insured with respect to HPHM's work at the Premises.

18. "Exhibit A – Insurance Requirements" of the Fast- HPHM Subcontract, provides, in relevant part, as follows:

>• Insurance Certificate:
>
>\*    \*    \*

5

- Certificate of Insurance

o Subcontractor shall include as additional insured/certificate holders the following entities:

    Certificate Holder (s):

    • Fast Interiors, LLC
    401 Franklin Avenue, Suite 211
    Garden City, NY 11530


    Additional Insured:

    • BK Elwood, LLC
    • EB Construction Group
    • The Engel Burman Group, LLC
    • Wells Fargo Bank, .A.

## CONTRACTORS INSURANCE AGREEMENT

\* \* \*

Contractor and its subcontractors and sub-subcontractors shall secure, pay for and maintain the following insurance policies in full force and effect during the term of the agreement:

\* \* \*

(3) Commercial General Liability Insurance written on ISO form CG00 01 10/01 with limits of $1,000,000 per occurrence Bodily Injury and Property Damage Combine~, $1,000,000 per occurrence Personal & Advertising Injury, $1,000,000 aggregate Products and Completed Operations Liability and $2,000,000 General (per project) Aggregate. The policy shall be written on an occurrence basis with no deductible.

The policy shall not contain exclusions relating to**:**

(a) contractual liability
(b) independent contractors
(c) gravity related injuries
(d) injuries sustained by employee or an insured or any insured

Policy shall be endorsed to name Owner, its Construction Manager, its managing agent, Owners lender (if required) and all other entities that may be reasonably required as "additional insured" utilizing ISO Forms CG2010 and CG2037. Definition of Additional Insured shall include all Officers, Directors and Employees of the named entity, its agents and consultants. Further, insurance policy shall provide coverage for the "additional insured" and shall apply on a primary and non-contributory basis irrespective of any other insurance, whether collectible or not.

*   *   *

(5) Umbrella Liability Insurance for the total limit purchased by Contractor but, not less than a $5,000,000 limit providing excess coverage over all limits and coverages noted in paragraph 2, 3, and 4 above. This policy shall be written on an "occurrence" basis and shall cover Owner as additional insured.

All policies (except automobile) shall be Primary and Non-Contributory and shall allow for a Waiver of Subrogation in favor of Owner and Additional Insured entities.

*   *   *

(See **Exhibit B** of this DJ Complaint.)

19. Pursuant to the insurance requirements of the Fast-HPHM Subcontract, HPHM was required to provide commercial general liability insurance coverage to BK as an additional insured on a primary, non-contributory basis under HPHM's primacy and umbrella policies.

20. The Fast-HPHM Subcontract was in effect on the date of accident alleged in the Underlying Suit.

**Certificate of Insurance**

21. A Certificate of Insurance was issued to BK identifying the Merchants Primary Policy and the Merchants Umbrella Policy (the "Certificate"). A copy of the Certificate is annexed as **Exhibit C.**

22. In the portion of the Certificate for "Description of Operations …", the following text is typewritten:

> The following are included as additional insured with respect to General Liability & Umbrella Liability on a primary/non-contributory basis:
>
> BK Elwood, LLC; EB Construction Group, LLC; EB Construction II, LLC; Engel Burman Management, LLC;
> The Engel Burman Group, LLC. Included Waiver of Subrogation.

**The Merchants Primary Policy**

23. MERCHANTS insured HPHM under primary commercial general liability policy number BOP1070644, effective January 25, 2019 to January 25, 2020, with limits of $1 million per occurrence, $2 million general aggregate.  See Certificate of Insurance**, Exhibit C.**

24. The Merchants Primary Policy was in effect on the date of the accident that is the subject of the Underlying Suit.

25. Upon information and belief, BK qualifies as an additional insured under the Merchants Primary Policy with respect to the Underlying Suit.

26. Upon information and belief, the Merchants Primary Policy provides coverage to BK as an additional insured on a primary, non-contributory basis with respect to the Underlying Suit.

27. BK's alleged liability in the Underlying Suit is the result of, arises out of and is connected with, in whole or in part, the acts or omission of HPHM in the performance of HPHM's work at the Premises pursuant to the Fast-HPHM Subcontract.

**Merchants Umbrella Policy**

28. MERCHANTS issued commercial umbrella policy number CUP 9145522 to HPHM effective from effective January 25, 2019 to January 25, 2020, with $5 million each occurrence and $5 million in the aggregate (the "Merchants Umbrella Policy"). See Certificate of Insurance at **Exhibit C.**

29. The Merchants Umbrella Policy was in effect on the date of the accident that is the subject of the Underlying Suit.

30. The Merchants Primary Policy is underlying insurance of the Merchants Umbrella Policy.

31. Upon information and belief, BK qualifies as an additional insured under the Merchants Umbrella Policy with respect to the Underlying Suit.

32. Upon information and belief, the Merchants Umbrella Policy must pay any judgment against BK which exceeds the limit of liability of the Merchants Primary Policy.

**NYMG Policy**

33. NYMG issued policy number GL201700008814 to BK (the "NYMG Policy").

34. NYMG is defending BK in the Underlying Suit pursuant to the NYMG Policy.

**The Accident and the Underlying Suit**

35. The Underlying Suit arises from an accident on October 23, 2019 at the Premises, in which Plaintiff Eduardo Maradiaga allegedly fell from a ladder at the Premises. See Amended Complaint, annexed hereto as **Exhibit A**.

36. Maradiaga was an employee of HPHM at the time of the accident.

37. Maradiaga was acting in the course and scope of his employment for HPHM at the time of the accident.

38. The defendants in the Underlying Suit are BK and Fast.

39. The Amended Complaint in the Underlying Suit alleges that Defendants were negligent and violated Labor Law §§ 200, 240(1) and 241(6).

40. Maradiaga seeks damages in the Underlying Suit for the injuries he allegedly sustained as a result of the accident.

10

41. Maradiaga's alleged injuries and damages arose out of and during HPHM's performance of HPHM's work pursuant to the Fast-HPHM Subcontract.

42. Maradiaga's injuries and damages in the Underlying Suit are the result of, arise out of out and are connected with the acts or omission of HPHM in connection with HPHM's work at the Premises pursuant to the Fast-HPHM Subcontract.

### MERCHANTS' Refusal To Accept the Tender

43. BK filed a third-party complaint against Fast and HPHM alleging claims for contribution, contractual indemnity and breach of contract for failure to procure insurance for BK as an additional insured. A copy of the third-party complaint is annexed hereto as **Exhibit D**.

44. In correspondence dated August 31, 2020, BK tendered the defense and indemnification of the Underlying Suit to MERCHANTS. A copy of the August 31, 2020 tender letter is annexed as **Exhibit E**.

45. A follow up tender letter dated March 15, 2021 was sent to MERCHANTS. A copy of the March 15, 2021 tender is annexed as **Exhibit** F.

46. A further tender letter tendering the defense and indemnity of BK to MERCHANTS was sent to MERCHANTS on May 9, 2021. A copy of the May 9, 2021 tender is annexed hereto as **Exhibit G**.

47. MERCHANTS assigned claim number BO042430-01 to the instant claim.

48. MERCHANTS has not responded to the tender letters.

49. MERCHANTS has wrongfully refused to assume the defense of BK in the Underlying Suit, wrongfully refused to reimburse NYMG for the cost of defending BK in the Underlying Suit, and wrongfully refused to indemnify BK for Maradiaga's damages.

**FIRST CAUSE OF ACTION**
**DECLARATION OF MERCHANTS' DUTY TO DEFEND**

50. NYMG repeats, reiterates, and re-alleges the allegations of paragraphs "1" through "49" as if fully set forth herein.

51. There is an actual and present controversy between NYMG and MERCHANTS concerning MERCHANTS' obligation to defend BK as an additional insured under the Merchants Primary Policy in the Underlying Suit.

52. MERCHANTS' refusal to accept the tender of coverage of BK is wrongful because, upon information and belief, BK qualifies as an additional insured under the Merchants Primary Policy.

53. MERCHANTS' failure to accept the tender of coverage of BK is wrongful because the alleged liability of BK arises out of and results from HPHM's performance of its work under the Fast-HPHM Subcontract.

54. MERCHANTS' failure to accept the tender of coverage of BK is wrongful because the alleged injury and damages of Maradiaga took place in the course and scope of Maradiaga's employment for HPHM at the Premises and were caused by the acts or omissions of HPHM.

55. Upon information and belief, the Merchants Primary Policy provides coverage to BK in the Underlying Suit on a primary and non-contributory basis.

56. NYMG is entitled to a declaration that MERCHANTS must defend BK in the Underlying Suit under the Merchants Primary Policy on a primary and non–contributory basis.

57. A judicial declaration of this issue is necessary and appropriate at this time to permit NYMG to determine MERCHANTS' legal obligations to BK.

## SECOND CAUSE OF ACTION
## DECLARATION OF DUTY TO REIMBURSE NYMG FOR BK'S DEFENSE COSTS THROUGH THE DATE OF THE DECLARATION OF RIGHTS IN THIS LAWSUIT

58. NYMG repeats and re-alleges that allegations of paragraphs "1" through "57" as if fully set forth herein.

59. There is an actual and present controversy between NYMG and MERCHANTS concerning MERCHANTS' obligation to reimburse NYMG for BK's defense costs, expenses and disbursements incurred to date pursuant to the Merchants Primary Policy.

60. Based upon the foregoing, NYMG is entitled to a declaration that MERCHANTS must reimburse NYMG for BK's defense attorneys' fees, costs and disbursements incurred in

the Underlying Suit from the date of tender to the date of judgment in this declaratory judgment lawsuit on a primary non-contributory basis pursuant to the Merchants Primary Policy.

61. A judicial declaration of this issue is necessary and appropriate at this time to permit NYMG to determine MERCHANTS' legal obligations to BK.

### THIRD CAUSE OF ACTION
### DECLARATION OF MERCHANTS' DUTY TO PAY BK'S DEFENSE COSTS FROM THE DATE OF THE DECLARATORY JUDGMENT IN THIS ACTION THROUGH THE FINAL RESOLUTION OF THE UNDERLYING SUIT

62. NYMG repeats and re-alleges the allegations of paragraphs "1" through "61" as if fully set forth herein.

63. There is an actual and present controversy between NYMG and MERCHANTS concerning whether MERCHANTS has an obligation to pay BK's defense attorneys' fees, costs and disbursements in the Underlying Suit until the final resolution of that lawsuit pursuant to the Merchants Primary Policy.

64. Based upon the foregoing, NYMG is entitled to a declaration that MERCHANTS must pay BK's defense attorneys' fees, costs and disbursements in the Underlying Suit on a primary, non-contributory basis from the date of judgment in this action through the final resolution of the Underlying Suit pursuant to the Merchants Primary Policy.

65. A judicial declaration of this issue is necessary and appropriate at this time to permit NYMG to determine MERCHANTS' legal obligations to BK.

## FOURTH CAUSE OF ACTION
## DECLARATION OF DUTY TO INDEMNIFY UNDER THE MERCHANTS PRIMARY POLICY

66. NYMG repeats and re-alleges that allegations of paragraphs "1" through "65" as if fully set forth herein.

67. There is an actual and present controversy between NYMG and MERCHANTS concerning whether MERCHANTS has an obligation under to indemnify BK pursuant to the Merchants Primary Policy in the Underlying Suit

68. Upon information and belief, pursuant to the Merchants Primary Policy, MERCHANTS must indemnify BK in the Underlying Suit on a primary, non-contributory basis.

69. Based upon the foregoing, NYMG is entitled to a declaration that MERCHANTS must indemnify BK in the Underlying Suit under the Merchants Primary Policy on a primary and non-contributory basis.

70. A judicial declaration of this issue is necessary and appropriate at this time to permit NYMG to determine MERCHANTS' legal obligations to BK.

## FIFTH CAUSE OF ACTION
## DECLARATION OF DUTY TO INDEMNIFY UNDER THE MERCHANTS UMBRELLA POLICY

71. NYMG repeats and re-alleges that allegations of paragraphs "1" through "70" as if fully set forth herein.

72. Upon information and belief, BK is entitled to additional insured coverage under the Merchants Umbrella Policy.

73. In the event that a judgment against BK in the Underlying Suit exceeds the coverage available under the Merchants Primary Policy, the Merchants Umbrella Policy is triggered.

74. There is an actual and present controversy between NYMG and MERCHANTS concerning whether MERCHANTS has an obligation under the Merchants Umbrella Policy to indemnify BK in the Underlying Suit for any judgment against BK that exceeds the amount of coverage available under the Merchants Primary Policy.

75. Based upon the foregoing, NYMG is entitled to a declaration that MERCHANTS must indemnify BK in the Underlying Suit under the Merchants Umbrella Policy for any judgment against BK that exceeds the amount of coverage available under the Merchants Primary Policy.

76. A judicial declaration of this issue is necessary and appropriate at this time to permit NYMG to determine MERCHANTS' legal obligations to BK pursuant to the Merchants Umbrella Policy.

**WHEREFORE**, Plaintiff NYMG respectfully requests that this Court issue a declaratory judgment declaring the rights, duties, and obligations of the parties under the Merchants Primary Policy and the Merchants Umbrella Policy with regard to the claims in the Underlying Suit, as follows:

a. On the First Cause of Action, a declaration that MERCHANTS is obligated to defend BK in the Underlying Suit on a primary, non-contributory basis pursuant to the Merchants Primary Policy;

b. On the Second Cause of Action, a declaration that MERCHANTS must reimburse all defense attorneys' fees, costs and disbursements that NYMG incurred in defending BK in the Underlying Suit from the date of tender to the date of judgment in this action pursuant to the Merchants Primary Policy;

c. On the Third Cause of Action, a declaration that MERCHANTS must pay all defense attorneys' fees, costs and disbursements for defending BK in the Underlying Suit from the date of the declaration through the final resolution of the Underlying Suit pursuant to the Merchants Primary Policy;

d. On the Fourth Cause of Action, a declaration that MERCHANTS must indemnify BK for any judgment in the Underlying Suit on a primary, non-contributory basis pursuant to the Merchants Primary Policy;

e. On the Fifth Cause of Action, a declaration that the Merchants Umbrella Policy must pay any judgment against BK in the Underlying Suit that exceeds the coverage available under the Merchants Primary Policy; and

f. Granting Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## JURY DEMAND

Plaintiff NYMG demands trial by jury of all issues so triable in this cause.

Dated: August 10, 2021
New York, New York

*Christopher T. Bradley*
MARSHALL CONWAY BRADLEY
GOLLUB & WEISSMAN, P.C.
By: Christopher T. Bradley
   45 Broadway, Suite 740
   New York, New York 10006
   (212) 619-4444

Attorneys for Plaintiff New York Marine and General Insurance Company